961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William ARACICH, Plaintiff-Appellant,
v.
WHEELING-PITTSBURGH STEEL CORPORATION, et al., Defendants-Appellees.
 No. 91-3825.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1992.
 
 Before KENNEDY and SILER, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, William Aracich, appeals the district court's judgment granting defendants' separate motions to dismiss this action on the ground that Aracich's improper and illegal discharge action was barred by the six-month limitations period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), for hybrid actions.[1] For the reasons set forth herein, the district court is AFFIRMED.
 
 I.
 
 2
 Steelworkers Local 1190 ("Union") processed Aracich's grievance through the first three steps but refused to proceed to arbitration for him. Two letters, dated May 16, 1988 and June 29, 1988, from Aracich's counsel to the Union, indicate that Aracich was aware that "the Union [did] not plan to take [the] matter into arbitration or handle it any further." Aracich filed this action on March 8, 1990, and defendants moved the district court to dismiss it based on the applicable statute of limitations. The district court held that Aracich's claim did not fall within the "automatic stay" provision of 11 U.S.C. § 362 and, accordingly, the bankruptcy petition of his employer, Wheeling-Pittsburgh Steel Corporation ("Wheeling"), did not toll the six-month limitations period.
 
 II.
 
 3
 Aracich sustained a hip and back injury at work in March, 1977, and was absent from his Wheeling job during several periods between 1982 and 1988, when Wheeling filed a bankruptcy petition on April 16, 1985. Wheeling suspended Aracich on June 27, 1986, pursuant to a Last Chance Agreement. However, he was reinstated for a two-year probationary period. Under this agreement, Aracich was to adhere strictly to Wheeling's policies and maintain exemplary work attendance, and was subject to discharge for violation of the agreement terms. On March 8, 1988, Aracich failed to timely complete a work assignment and was permanently discharged from employment.
 
 III.
 
 4
 The six-month limitations period set forth in 29 U.S.C. § 160(b) applies to an employee's suit against an employer and the Union for breach of a collective bargaining agreement and duty of fair representation, respectively. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). As the district court found, Aracich discovered the act constituting the alleged violation on June 29, 1988, thus commencing the statute of limitations, and could have filed his claim any time thereafter. However, he did not file his complaint until March 8, 1990. Therefore, Aracich's claim is time-barred.
 
 IV.
 
 5
 As the Union is a non-bankrupt entity, it is not affected by 11 U.S.C. §§ 362 or 108(c). As Wheeling filed a bankruptcy petition, Aracich contends that the automatic stay tolls the statute of limitations. However, § 362 provides for an automatic stay of pre-petition claims. The automatic stay does not bar post-petition claims. See In re Petruccelli, 113 B.R. 5 (Bankr.S.D.Cal.1990); In re Hudson Oil Co., Inc., 100 B.R. 72 (Bankr.D.Kan.1989). As Wheeling filed its bankruptcy petition on April 16, 1985, and Aracich's cause of action did not accrue until almost three years later: (1) Aracich's claim arose "post-petition," (2) § 362 does not apply to this action, and (3) the applicable six-month statute of limitations for Aracich's action is not tolled. As a result, Aracich's action is time-barred.
 
 
 6
 Further, § 108(c) does not provide relief to Aracich because his claim arose "post-petition." This section tolls the statute of limitations only on pre-petition claims against the debtor.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Aracich's suit comprises two causes of action: (1) a claim against Wheeling for a § 301 violation of the collective bargaining agreement, and (2) a claim against the Union for a breach of the duty of fair representation